## REID et al. v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.    April 24, 1905.)

1. STREET RAILROADS—INJURIES IN COLLISION—EVIDENCE—ADMISSIBILITY.

In an action for injuries to a horse in a collision with a street car, it was error to permit plaintiff to testify, without stating any facts, that the horse could not be used after the accident for the same purpose that it had been used before.

2. SAME.

It is error to permit a person not an expert on the value of horses to testify that, before an accident to a horse, it was worth about $200, and after the accident he would not give $50 for it; the question being as to the reasonable value of the horse.

3. SAME.

It is error to permit one suing for damages sustained in a collision between his wagon and a street car to testify as to the amount of repairs, without showing their necessity and reasonable value.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frederick B. Reid and another against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

William E. Weaver, for appellant.

Hugo J. Stelzner, for respondents.

GREENBAUM, J. Without considering other points presented on this appeal, I am of opinion that the judgment must be reversed for substantial errors committed in the reception of evidence, under objection of defendant's counsel, touching the question of damages.

The action was for damages arising out of the injury sustained by plaintiff's horse as a result of a collision between defendant's car and the plaintiff's wagon due to the alleged negligence of defendant. Plaintiff was permitted to testify, without stating any facts, obvious or otherwise, that the horse could not be used after the accident for the same purpose that he had been used before. In other words, the opinion of the witness was accepted in lieu of facts and circumstances from which the court might determine what in fact the condition of the horse was before and after the accident, and his ability to do the work for which he was employed by the plaintiff.

Serious. error was also committed in permitting a stableman, not even shown to be an expert on values, to testify that before the accident the horse was worth "about two hundred dollars," and after the accident "I would not give fifty dollars for him." It was of no consequence what the witness would give for the horse, but what its reasonable value was.

There were also errors committed in permitting the plaintiff to testify what the amount of the repairs was, without showing their necessity or their reasonable value. Under the objection of defendant's counsel to this line of inquiry, the court stated, "I don't see that it is proper, but I shall allow it." The testimony was certainly not proper, and should not have been allowed.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event. All concur.